UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON MEDDAUGH,

          Plaintiff,                        Hon. Paul L. Maloney

v.                                        Case No. 1:23-cv-1000

ZOO MED LABORATORIES INC.,

          Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss.   (ECF No. 8). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter terminated.

**BACKGROUND**

Plaintiff initiated this action against Zoo Med Laboratories Inc. alleging numerous violations of Michigan law.   In his complaint, Plaintiff alleges the following.

Plaintiff keeps as pets two leopard geckos, Cutie-Pie and Nigel.   On or about April 10, 2022, Plaintiff purchased bedding for his geckos manufactured by Defendant. The following day, "Nigel's eye fell out and his mouth remains open and deformed, also Cutie-Pie's eye won't open."   Plaintiff was subsequently informed by a veterinarian that the bedding products he purchased were "not meant for lizards especially leopard geckos."   Plaintiff alleges that Defendant violated various provisions of Michigan law.

-1-

Defendant now moves to dismiss Plaintiff's complaint.    Plaintiff has failed to respond to Defendant's motion.    The Court finds that oral argument is unnecessary.    *See* W.D. Mich. LCivR 7.2(d).

## LEGAL STANDARD

A motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief.    *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).    Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"    *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).    This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."    If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"    *Id.*    As the Court further observed:

> Two working principles underlie our decision in *Twombly*.
> First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to legal
> conclusions. Threadbare recitals of the elements of a cause of
> action, supported by mere conclusory statements, do not
> suffice. . .Rule 8 marks a notable and generous departure from
> the hyper-technical, code-pleading regime of a prior era, but it
> does not unlock the doors of discovery for a plaintiff armed
> with nothing more than conclusions.    Second, only a
> complaint that states a plausible claim for relief survives a
> motion to dismiss. . .Determining whether a complaint states
> a plausible claim for relief will, as the Court of Appeals
> observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common
> sense. But where the wellpleaded facts do not permit the court
> to infer more than the mere possibility of misconduct, the
> complaint has alleged – but it has not show[n] – that the
> pleader is entitled to relief.

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

Plaintiff advances the following causes of action under Michigan law: (1) product liability; (2) breach of contract; (3) violation of Michigan animal anti-cruelty laws; (4) violation of the Michigan Consumer Protection Act; (5) negligent infliction of emotional distress; and (6) intentional infliction of emotional distress.   As discussed below, Plaintiff has failed to allege facts sufficient to prevail on any his claims.

A.    Product Liability

Plaintiff alleges that Defendant failed to provide adequate warning that its product would harm his geckos.   Michigan law recognizes product liability claims based on a failure to warn theory.   *See, e.g., Avendt v. Covidien Inc.*, 262 F.Supp.3d 493, 518-

-3-

20 (E.D. Mich. 2017).    To prevail on such a claim, Plaintiff must prove that: (1) Defendant owed him a duty; (2) Defendant violated that duty; (3) Defendant's breach was the proximate cause of Plaintiff's injuries; and (4) Plaintiff suffered damages.    *Id.* at 520.    Plaintiff has failed to identify any duty that Defendant owed him and likewise has failed to allege how Defendant breached its duty.    Accordingly, the undersigned recommends this claim be dismissed.

       B.     Breach of Contract

Plaintiff alleges that Defendant breached its contract with Plaintiff.    This claim fails because Plaintiff has failed to allege that there existed a contract between Plaintiff and Defendant or how Defendant breached such.    *See, e.g., Square Lake Hills Assoc. v. Garland*, 2023 WL 2617505 at *2 (Mich. Ct. App., Mar. 23, 2023).    Accordingly, the undersigned recommends this claim be dismissed.

       C.    Michigan Animal Anti-Cruelty Laws

Plaintiff alleges that Defendant violated Michigan's animal anti-cruelty laws. Plaintiff has failed to identify any authority establishing a civil cause of action for alleged animal cruelty.    Moreover, while Michigan has enacted criminal statutes outlawing animal cruelty, *see* Mich. Comp. Laws § 750.50, Plaintiff has failed to identify any authority recognizing a private right of action based upon such.    Moreover, even if a private right of action existed, Plaintiff has failed to allege facts showing that Defendant engaged in animal cruelty.    Accordingly, the undersigned recommends this claim be dismissed.

D.    Michigan Consumer Protection Act

Plaintiff alleges that Defendant violated the Michigan Consumer Protection Act. To prevail on such a claim, Plaintiff must establish that Defendant engaged in unfair, unconscionable, or deceptive methods, acts, or practices.    Mich. Comp. Laws § 445.903(1).    Plaintiff has failed to allege facts showing that Defendant engaged in such activity.    Accordingly, the undersigned recommends this claim be dismissed.

E.    Negligent Infliction of Emotional Distress

To prevail on a claim for negligent infliction of emotional distress, Plaintiff must establish the following elements: (1) serious injury threatened or inflicted on a third person sufficient to cause Plaintiff to experience severe mental disturbance; (2) Plaintiff must experience actual physical harm; (3) Plaintiff must be a member of the victim's immediate family; and (4) Plaintiff must actually be present when the third party is threatened or injured.    *Tschirhart v. Pamar Enterprises, Inc.*, 2016 WL 3541827 at *3 (Mich. Ct. App., June 18, 2016).    Plaintiff has alleged no facts which can satisfy these elements.    Accordingly, the undersigned recommends this claim be dismissed.

F.    Intentional Infliction of Emotional Distress

To prevail on a claim of intentional infliction of emotional distress, Plaintiff must establish the following: (1) Defendant engaged in extreme and outrageous conduct; (2) Defendant acted with intent or recklessness; and (3) Defendant caused Plaintiff to suffer severe emotional distress.    *Dalley v. Dykema Gossett*, 788 N.W.2d 679, 694 (Mich. Ct. App. 2010).    Only conduct which goes "beyond all possible bounds of decency" and

-5-

which is regarded as "atrocious and utterly intolerable in a civilized community" satisfies this standard. *Ibid.* Plaintiff's allegations do not come close to satisfying this standard. Accordingly, the undersigned recommends that this claim be dismissed.

G.    Federal Law Claims

While Plaintiff has not articulated any claim based on federal law, he does invoke federal question jurisdiction in the introduction of his complaint. (ECF No. 1, PageID.2). To the extent Plaintiff's complaint is interpreted as asserting any claims under federal law, the undersigned recommend that such be dismissed as Plaintiff as alleged no facts establishing a violation of federal law or Plaintiff's rights thereunder.

H.    Waiver

The undersigned recommends, in the alternative, that Defendant's motion be granted on the ground that Plaintiff has waived any opposition thereto. While Plaintiff is representing himself, pro se litigants are "still required to follow the rules of civil procedure and easily-understood Court deadlines." *Ciavone v. McKee*, 2009 WL 2959737 at *6 (W.D. Mich., Sept. 10, 2009). Failure by a plaintiff to respond to a motion to dismiss constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion to dismiss is waived, and dismissal appropriate, where the plaintiff fails to respond thereto. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir.,

May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 8) be granted and this action terminated.   For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 9, 2024

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge